RECEIVED
DEC 14 2022
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:22-cr-00288-01 |
| VERSUS | Judge Doughty |
| | Magistrate Judge McClusky |
| BONNIE JENNIFER SHERRARD a.k.a. May Bonnie Jennifer Sherrard | |

### INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### 21 U.S.C. § 843(a)(2)
### (Use of DEA Registration Number Issued to Another Person)

Beginning on an unknown date, but no later than on or about January 19, 2018 and continuing until at least November 27, 2020, in the Western District of Louisiana, the exact dates being uncertain, the defendant, **Bonnie Jennifer Sherrard**, a.k.a. May Bonnie Jennifer Sherrard, did knowingly and intentionally use a DEA registration number that was issued to another person, Dr. A.H., in the course of distributing a controlled substance, all in violation of Title 21, United States Code, Section 843(a)(2). [21 U.S.C. § 843(a)(2)].

### COUNTS 2 through 41
### 21 U.S.C. § 841(a)(1)
### (Dispensation and Distribution of Controlled Substances Outside the Bounds of Professional Medical Practice)

I.  INTRODUCTION

At all times relevant to this Indictment:

1. **Bonnie Jennifer Sherrard**, defendant herein, was a nurse practitioner licensed to practice in the State of Louisiana.

2. A nurse practitioner practicing in Louisiana was required to have a collaborative practice agreement with a collaborating physician which addressed the parameters of the collaborative practice.

3. **Sherrard** was employed in private practice, as a nurse practitioner, with collaborating physician, Dr. A.H., in Ruston, Louisiana. Sherrard and Dr. A.H. entered into a collaborative practice agreement which outlined the parameters of the collaborative practice.

4. **Sherrard** was authorized to distribute and dispense controlled substances so long as these acts were in accordance with the collaborative practice agreement and were subject to limitations and restrictions established by the collaborative practice agreement, as well as applicable law and regulations.

5. The following drugs were controlled substances:

   a. Hydrocodone, an opioid, also known as Norco, was a Schedule II controlled substance.

   b. Adderall, a stimulant, also known as dextroamphetamine-amphetamine, was a schedule II-controlled substance.

   c. Xanax, a benzodiazepine, also known as alprazolam, was a schedule IV-controlled substance.

   d. Clonazepam, a benzodiazepine, also known as Klonopin, was a schedule IV-controlled substance.

6. Every person who distributed and dispensed controlled substances must obtain a DEA registration number, unless exempted. The DEA registration number of the practitioner must be included on all prescriptions for controlled substances as well as the name and address of the practitioner.

7. **Sherrard** had a DEA registration number issued to her for use in distributing and dispensing controlled substances, which could range from Schedule II through Schedule V.

8. **Sherrard** was not authorized to prescribe controlled substances in connection with treatment for chronic pain, pursuant to her collaborative practice agreement and other laws and regulations.

9. **Sherrard** was not authorized to prescribe controlled substances in connection with the treatment of family members, pursuant to her collaborative practice agreement and other laws and regulations.

II. **CRIMINAL CONDUCT**

A. The factual allegations contained in Count 1 are realleged and incorporated herein as if copied verbatim.

B. On or about the dates listed below, each of which constitutes a separate count, in the Western District of Louisiana, the defendant, **Bonnie Jennifer Sherrard**, a.k.a. May Bonnie Jennifer Sherrard, did knowingly and intentionally distribute and dispense a controlled substance, without a legitimate medical purpose and outside the usual course of professional practice, to members of her family as referenced in the chart below:

| Count | Date | RX # | Patient | Controlled Substance | Schedule | Quantity |
|---|---|---|---|---|---|---|
| 2 | 1/11/2020 | 720403 | B.S. | Hydrocodone | II | 60 tablets |
| 3 | 1/24/2020 | 726223 | B.S. | Hydrocodone | II | 60 tablets |
| 4 | 1/27/2020 | 726656 | C.S. | Adderall | II | 30 tablets |
| 5 | 2/12/2020 | 734523 | B.S. | Hydrocodone | II | 60 tablets |
| 6 | 2/21/2020 | 738161 | B.S. | Xanax | IV | 20 tablets |
| 7 | 2/26/2020 | 740091 | C.S. | Adderall | II | 30 tablets |
| 8 | 2/27/2020 | 741027 | C.S. | Xanax | IV | 60 tablets |
| 9 | 3/3/2020 | 742325 | B.S. | Hydrocodone | II | 60 tablets |
| 10 | 3/21/2020 | 750663 | B.S. | Hydrocodone | II | 60 tablets |
| 11 | 3/30/2020 | 753421 | C.S. | Adderall | II | 30 tablets |
| 12 | 4/3/2020 | 755656 | B.S. | Hydrocodone | II | 60 tablets |
| 13 | 4/17/2020 | 761192 | B.S. | Hydrocodone | II | 60 tablets |
| 14 | 4/29/2020 | 764976 | C.S. | Adderall | II | 30 tablets |
| 15 | 5/1/2020 | 765884 | B.S. | Hydrocodone | II | 60 tablets |
| 16 | 5/14/2020 | 771169 | B.S. | Hydrocodone | II | 60 tablets |
| 17 | 5/28/2020 | 776139 | B.S. | Hydrocodone | II | 60 tablets |
| 18 | 5/30/2020 | 776650 | C.S. | Adderall | II | 30 tablets |
| 19 | 6/10/2020 | 781138 | B.S. | Hydrocodone | II | 60 tablets |
| 20 | 6/22/2020 | 785579 | B.S. | Hydrocodone | II | 60 tablets |
| 21 | 6/29/2020 | 788392 | C.S. | Adderall | II | 30 tablets |
| 22 | 7/18/2020 | 796110 | B.S. | Hydrocodone | II | 60 tablets |
| 23 | 7/28/2020 | 800090 | C.S. | Adderall | II | 30 tablets |
| 24 | 7/28/2020 | 800092 | C.S. | Adderall | II | 30 tablets |
| 25 | 7/30/2020 | 801193 | B.S. | Hydrocodone | II | 60 tablets |
| 26 | 8/14/2020 | 807102 | B.S. | Hydrocodone | II | 60 tablets |
| 27 | 8/26/2020 | 812105 | B.S. | Hydrocodone | II | 60 tablets |
| 28 | 8/29/2020 | 812166 | C.S. | Clonazepam | IV | 60 tablets |
| 29 | 8/29/2020 | 812167 | C.S. | Adderall | II | 30 tablets |
| 30 | 9/19/2020 | 820789 | B.S. | Hydrocodone | II | 60 tablets |
| 31 | 9/24/2020 | 823264 | C.S. | Xanax | IV | 60 tablets |
| 32 | 10/1/2020 | 825836 | B.S. | Hydrocodone | II | 60 tablets |
| 33 | 10/14/2020 | 831248 | B.S. | Hydrocodone | II | 60 tablets |
| 34 | 10/13/2020 | 830696 | C.S. | Adderall | II | 30 tablets |
| 35 | 10/29/2020 | 841714 | C.S. | Adderall | II | 30 tablets |
| 36 | 10/29/2020 | 841715 | C.S. | Xanax | IV | 60 tablets |
| 37 | 10/30/2020 | 842252 | B.S. | Hydrocodone | II | 60 tablets |
| 38 | 11/13/2020 | 848411 | B.S. | Hydrocodone | II | 60 tablets |
| 39 | 11/19/2020 | 850686 | B.S. | Xanax | IV | 24 tablets |
| 40 | 11/25/2020 | 853134 | B.S. | Hydrocodone | II | 60 tablets |
| 41 | 11/27/2020 | 853328 | C.S. | Adderall | II | 30 tablets |

## FORFEITURE NOTICE

The allegations in all counts are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A.  Upon conviction of the controlled substances offenses alleged in the Counts set forth above of this Indictment, **Bonnie Jennifer Sherrard**, a.k.a. May Bonnie Jennifer Sherrard, shall forfeit to the United States all of her interest in:

1. Any property consisting or derived from proceeds the defendant obtained directly or indirectly as the result of said violations as set forth in this Indictment, and,

2. Any property used or intended to be used in any manner or part to commit or facilitate the commission of the aforementioned violations.

B.  The property referred to in paragraph A above includes, but is not limited to the following:

1. **Bonnie Jennifer Sherrard's** license to practice as a nurse practitioner in the State of Louisiana.

C.  By virtue of the offenses charged in this indictment, any and all interest in the above-described property is vested in the United States and is forfeited to the United States pursuant to Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

D.  If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendant:

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with, a third person;
3. has been placed beyond the jurisdiction of the Court;
4. has been substantially diminished in value; or
5. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL:                                BRANDON B. BROWN
                                            United States Attorney

*REDACTED*

Grand Jury Foreperson                       BRIAN C. FLANAGAN
                                            Assistant United States Attorney
                                            300 Fannin Street, Suite 3201
                                            Shreveport, Louisiana 71101
                                            (318) 676-3600